GRAVES *against* BECKWITH.

Where A was brought before a Justice of the Peace on a capias, the 3d September, 1831, and at his instance the cause was continued until the 1st of October ensuing, upon B's entering into the following recognizance "B bound in two hundred dollars as *special bail* for the appearance of the defendant in this cause: acknowledged 3d September, 1831, before me *Job Gier,* J. P.'' *Held,* that this is not a recognizance of special bail, within the provisions of the second section of the act of 1810, for the recovery of demands not exceeding one hundred dollars, but is a recognizance under the 8th section of the said act, for the appearance of the defendant, the condition whereof is forfeited, by his not appearing in person on the day fixed—the word *special,* in such recognizance, being regarded as surplusage.

The appearance of an attorney, for defendant, on the day appointed in such recognizance, the defendant himself not appearing, is no performance of its condition.

On a *scire facias* against B. as Bail of A. it is competent for the plaintiff to give in evidence the note of A. in which the original suit was founded, to ascertain the amount of the demand.

ERROR to the court of Common Pleas of *Tioga* county.

This cause was argued by *Rathbone* and *Parsons* for the plaintiff in error.

*Williston,* for the defendant in error.

The facts of the case are fully detailed in the opinion of the court which was delivered by

KENNEDY, J.—This action was brought before a Justice of the Peace, upon a recognizance taken before him of 'the plaintiff in error, in the sum of two hundred dollars "as bail for the appearance of a certain *Ezra Southworth,* on the first day of October, then next following the date of the recognizance, to answer the defendant in error, at whose suit *Southworth* had been arrested, and brought before the Justice, upon a *capias* issued by him. The demand of *Beckwith* the defendant in error, for which the capias had been sued out against *Southworth,* was founded upon a note, bearing date the 28th of August, 1828, drawn by *Southworth* and *Samuel Hammond* in favor of *Beckwith.* *Hammond* was also embraced in the *capias,* but not found by the constable. On the 3d of September, 1831, *Southworth* was brought by the constable

(Graves *v.* Beckwith.)

upon the *capias* before the Justice, to answer *Beckweth.* South-worth alleging he was not ready for trial, then prayed a postponment of the trial of the cause until the first day of October, then next following, which was granted by the Justice, upon his giving the plaintiff in error, bail, for his appearance before the Justice again on that day. For that purpose *Graves*, the plaintiff in error, entered then into the following recognizance "*Hobart B. Graves* bound in two hundred dollars, as special bail for "the appearance of the defendant in the cause; acknowledged, Sept. 3d, 1831, before me *Job Geir* J. P." On the first of October following, *N, H. Purple* appeared as attorney for the plaintiff in that suit, and *Joseph Wilson* appeared as attorney for the defendant, but the defendant himself did not appear in person. The plaintiff, by his attorney, objected to the defendant's appearing by attorney, unless he also appeared himself in person, and claimed that the recognizance of his bail should be forfeited, if he did not do so. *Southworth*, the defendant, did not appear in person, by which the Justice considered the recognizance of his bail forfeited, and that in his absence, no judgment or further proceeding could be given or had against him. This suit was instituted shortly after that before the Justice, by issuing a writ of *scire facias* upon the recognizance, considering it as having been forfeited. The writ of *scire facias*, issued by the Justice, recited the recognizance in the following words, "whereas the said *Hobart B. Graves* of said county, then and there became bound before our said Justice, in a recognizance of two hundred dollars, conditioned that *Ezra L. Southworth* should be and appear before the said Justice, at his office in said *Lawrenceville*, on the first day of October, A. D. 1831, at one o'-clock, P. M. and not depart the court without leave, &c.

The Justice rendered a judgment against the plaintiff in error for the amount of the debt, which was under a hundred dollars, which the defendant in error proved was owing to him by *Ezra C. Southworth*, and for which he had brought the suit in which the plaintiff in error became bail for *Southworth's* appearance in the manner above stated. And from this judgment the plaintiff in error appealed to the next county court of Common Pleas, where the cause was afterwards tried upon the following issues.

1st Plea, No such recognizance as is recited in the writ of *scire facias*: and replication, that there is such a recognizance.

2d. Plea. Appearance of the defendant according to the condition: and replication, that he did not appear according to the condition.

3d. Plea. No judgment or execution against the principle: and a demurrer to it.

The court below gave judgment upon the demurrer in favour of

(Graves *v.* Beckwith.)

the plaintiff, and upon the trial of the issues of fact, permitted the plaintiff to give in evidence to the jury, against the objection of the defendant, the recognizance already recited, and the note, and charged the jury, that *Southworth,* not having appeared in person before the Justice, on the day mentioned in the recognizance for that purpose, was a forfeiture of the defendants recognizance, and entitled the plaintiff to maintain this action; and that the plaintiff had a right to recover the amount of the debt due to him by *Ezra C. Southworth,* the principal, for which he had brought his suit before the Justice, together with the costs of that suit. That the note given in evidence to them, was evidence of the plaintiff's demand in the original suit.

Eight exceptions or errors have been taken and filed here, to the judgments and proceedings had in this case below, which may all be considered and disposed of by solving the following questions.

First, was there any material variance between the recognizance given in evidence, and the one recited in the writ of *scire facias?*

Second. Had the Justice any authority under the act of Assembly passed the 20th of March, 1810, entitled "An Act to amend and consolidate with its supplements the Act entitled an Act for the recovery of debts and demands not exceeding one hundred dollars, before a Justice of the Peace, and for the election of constables, and for other purposes" to take such a recognizance; and if he had, whether was it taken under and in conformity to the provisions contained in the second or the eighth section of the act?

Third. Was the note properly admitted in evidence to the jury?

With respect to the first question. It appears to me that the recognizance recited in the writ of *scire facias* is substantially the same with that given in evidence. The amount or sum of money mentioned in both are the same, as also the date and terms thro' out, except the words "as special bail" which are omitted in the writ, and which I shall show hereafter are insufficient to determine the true character and nature of this recognizance. The recognizance was therefore properly received in evidence on the trial of the first issue.

In order to decide the second question correctly, it is necessary to refer to the second and eighth sections of the Act, *Purdon's Dig.* 495 & 498. Upon the second section, Justices of the Peace, upon complaint being made to any one of them, are empowered to issue a summons, if the party complained of be a freeholder, if not, either a summons or warrant of arrest, which is usually called a *capias,* directed to a constable. If a warrant of arrest be issued, the constable is commanded thereby to cause the defendant to appear before the Justice, forthwith, on the service of the writ; but it is also provided by the same section "that in all cases where a

warrant or *capias* is issued against the person of a debtor, it shall
and may be lawful for the constable to take bail for the appearance
of the defendant before the Justice, from whom the said warrant
or *capias* may have been issued in the following words: we A. B.
and C. D. are held and firmly bound unto E. F. constable of ———,
or order, in the sum of ———, on condition that the said A. B.
shall be and appear before G. H. Esq. Justice of the Peace in the
said township of ——, on the — day of ———, to answer ———,
in a plea ——— Witness our hands the ——— day of ———. And
if on the return of the said warrant or *capias*, the defendant *shall
not appear and enter bail before the Justice, in the nature of
special bail*, the constable may assign the obligation to the plain-
tiff, if he will accept the same, which obligation may be sued in
the name of the plaintiff, as assignee of the said constable &c. &c.
but if the defendant shall appear and *enter special bail, the Jus-
tice may proceed to a final determination of the suit* according
to law; and after judgment, such bail shall be proceeded against by
*scire facias*, and shall be liable in the same manner as special bail
now is liable, *in cases in the courts of Common Pleas, and may
surrender the principal to the jail of the proper county*, within
ten days after the service of the writ of *scire facias*, in discharge
of the bail.    Nevertheless, *the bail to the constable may enter
sufficient special bail to the suit*, or cause it to be entered at the
return of the warrant or *capias*, in discharge of the obligation,
when the *defendant may neglect or refuse to appear*, in which
case the *Justice may proceed in the same manner as if the de-
fendant had appeared.*" The eighth section further directs, that
upon the affidavit of either party or their agent, that the testimo-
ny of any material witness is wanted, who resides out of the
county, or from his infirmity of body, or other causes cannot be ob-
tained personally, the cause shall be postponed to a day certain,
within such reasonable time as the distance of the witness, the sea-
son of the year, and the circumstances of the roads may render it
proper to obtain the deposition of the witnesses wanted; and
wherever a cause is postponed at the instance of the defendant, he
shall enter into *a recognizance, in a sum sufficient to cover the
demand in question*, together with the costs, with one sufficient
surety, *for his appearance on the day fixed as aforesaid:*" Now
it is very obvious, that by the express terms of the second section,
that the bail there spoken of and provided for, and which is to be
entered before the Justice, is not bail for the appearance at or on a
particular day, before the Justice, but bail in the nature of special
bail, which is, that if the defendant be cast in the action, that he
will either pay the condemnation money, or surrender himself to
the jail of the county, or that the bail will do this for him    Thus

(Graves *v.* Beckwith.)

it appears that the condition of a recognizance of special bail, is altogether different from the one which was entered in the present case which was, "for the appearance of the defendant in that cause, on the first day of October, then next following. If the Justice had proceeded no further in his memorandum or entry of the recognizance of bail, than the words "special bail," it might with some propriety have been alleged that, it was a recognizance of special bail within the provisions of the section; for then the law might have supplied the appropriate remidy to a recognizance of special bail; or the Justice from his memorandum might have made it out in due form afterwards, but he has annexed a condition which is incompatible with that of special bail, and cannot be changed. The condition here, then, being set out by the Justice at full length, no other can be substituted; it must determine the true nature of the recognizance, and control the word "special" which must be regarded as surplusage. If the defendant in the original action had appeared on the 1st of October, 1831, at the hour to which the hearing of the case was adjourned, in his proper person, and the trial had gone on, and judgment been given in favor of the plaintiff against the defendant there, for a sum within the Justice's jurisdiction, and the defendant had afterwards withdrawn himself, so that neither his property nor body could have been found by the constable upon an execution put into his hands; and in a return made thereto by the constable of "no goods or body," a *scire facias* had been issued against the plaintiff in error, upon his recognizance, would he not have said at once it was impossible that he should be made liable to the plaintiff's suit upon this recognizance; for the condition of it had been performed, that the defendant then had appeared at the very day and hour fixed, according to the express terms of the condition of the recognizance, and that the record of the Justice shewed all this to be so? No doubt but he would; and without changing the terms of the condition, which no one will pretend could or ought to be done, he could not in that case have been made liable. Special bail being the only bail which the Justice, under the second section of the act, was authorized to take, and it having been shewn that the recognizance taken in this case, is not one of special bail, it follows of course, that the Justice had no authority and did not take it under this section.

Let us now turn to that part of the eighth section which has been recited. By this section we have seen, that "wherever a cause is postponed at the instance of the defendant, he shall enter into a recognizance for a sum sufficient to cover the demand in question, together with the costs, with one sufficient surety for his appearance on the day fixed as aforesaid. Now it does appear to me, that the occasion upon which this recognizance was taken, as

67

(Graves *v.* Beckwith.)

well as the terms in which it was entered, are both provided for here, most expressly.

*Ezra C. Southworth,* the defendant in the original action, appeared before the Justice, and asked for a postponment of the cause, until the first day of October, then next following. After satisfying the Justice, that it was proper to grant this, what then did that part of the section just recited require? I answer, precisely that which has been done by the Justice in this case. The taking of "a recognizance for a sum sufficient to cover the demand in question, together with costs, with one sufficient surety for his appearance on the day fixed as aforesaid.

It has been contended, that this section was only intended to apply to defendants, who were sued by summons; but the terms of the section will warrant no such distinction. Besides, it may well be doubted, whether it would be consistent with the other provisions contained in the act, in favor of freeholders, to make it applicable to all cases of those who are sued by summons; and if a distinction of any sort is to be made, it would be to extend it to the case of every defendant who is not a freeholder, whether sued by summons or warrant of arrest.

It having been established that the Justice had an authority to take this recognizance under the eighth section of the act, it remains to be inquired into, whether the appearance of an attorney, on the day fixed by the recognizance, for the defendant, was a performance of its condition. That it is, can scarcely be imagined, I think after reading the sections of the act already recited. It is manifest from the tenor of the second section, that where the defendant has been called upon to answer the plaintiff under a warrant of arrest, that a trial cannot be had, nor yet a judgment obtained against him, without his being personally present before the Justice at the time, or delivered upon special bail, such as I have specified above. It is unnecessary for the determination of this case, to decide whether the plaintiff in error might not on the day of appearance before the Justice, have entered sufficient. special bail for the defendant, and then as his agent have demanded a trial, and have compelled the plaintiff to have proceeded with the trial of the cause in the same manner as if the defendant had appeared himself. This, by the express terms in the close of the second section, might have been done by the bail to the constable, in case the defendant neglected or refused to appear on the day fixed for that purpose in the bail-bond.

I cannot entertain the least shadow of doubt, but that the condition of the recognizance in this case, was forfeited: and that the plaintiff below, had a just right to maintain his action, which brings us to the third question: Was the note properly admitted in evidence?

(Graves *v.* Beckwith.)

That part of the second section under which this recognizance was taken, requires that it shall be "for a sum sufficient to cover the demand in question, together with the costs." Thus it appears that the avowed object of the recognizance, is to secure the plaintiff in the recovery of his demand against the original defendant, together with the costs of suit. By this must be meant the amount that is justly due to him: because it would be highly unjust for him to recover more; but how is this amount to be ascertained, if he is not to be permitted to give evidence of it, and the very best evidence too, that the nature of the case admits. For, the demand of the defendant in error, against *Southworth* the original defendant, being grounded upon a note, the note itself was the very best evidence of the demand, after it was found to have been drawn by *Southworth.*

From the opinion of this court delivered upon the second question, it follows that the plaintiff in error's third plea in the court below, was available in law, and the decision of the court upon it was correct.

                                    The judgment is affirmed.